IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHARLES ANTHONY ALLEN, SR., ) | |
| ID # 1043550, ) | |
|     Petitioner, ) | |
| vs. ) | No. 3:04-CV-1712-P (BH) |
| ) | ECF |
| NATHANIEL QUARTERMAN,[1] Director, ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal ) | |
| Justice, Correctional Institutions Division, ) | |
|     Respondent. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

## I. BACKGROUND

**A. Nature of the Case**

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his robbery conviction in Cause No. F00-51709-HJU. Respondent is Nathaniel Quarterman, Director of TDCJ-CID.

**B. Procedural and Factual History**

On April 26, 2001, petitioner was found guilty of robbery and sentenced to fifteen years imprisonment. On June 12, 2002, the court of appeals affirmed his conviction. *Allen v. State*, Nos.

---

[1] On June 1, 2006, Nathaniel Quarterman became the Director of the Texas Department of Criminal Justice - Correctional Institutions Division. The Court thus substitutes him for Douglas Dretke. *See* Fed. R. Civ. P. 25(d)(1).

05-01-00812-CR, 05-01-00813-CR, 2002 WL 1286508, at *1-4 (Tex. App. – Dallas June 12, 2002, pet. dismissed as untimely). The appellate decision summarized the background information:

> The grand jury indicted appellant for robbery. The indictment alleged appellant, in the course of committing theft of Ibrahim Mansaray's automobile, caused bodily injury to Mansaray. At trial, Mansaray testified he is a security guard at a movie theater. On the night of the offense, Mansaray left work at about one o'clock in the morning and drove to his apartment complex. When he was getting out of his car, appellant and another man approached him and tried to sell him something. Mansaray told the men he was not interested and began walking toward his apartment. The men then attacked Mansaray and stole his car. After the men left, Mansaray ran to a nearby convenience store and called police. When police arrived, Mansaray gave them a description of the two men and his car.
>
> At about 10:00 p.m. the following day, appellant was arrested in Mansaray's car. Appellant was questioned at the police station and gave a statement admitting he committed the offense. Specifically, appellant admitted he "tussled" with Mansaray, took his keys, and drove off in his car.

*Id.* at *1. A review of the evidence presented at trial supports the appellate summary. *See* Rep.'s R., Vol. IV [hereinafter cited as RR-volume # at page].

On December 22, 2003, petitioner filed a state habeas application for writ of habeas corpus. *See* S.H. Tr.[2] at 2. On July 21, 2004, the Texas Court of Criminal Appeals denied that application without written order on findings of the trial court without hearing. *See Ex parte Allen*, No. 58,875-01, slip op. at 1 (Tex. Crim. App. July 21, 2004).

On July 30, 2004, petitioner filed the instant petition for federal habeas relief. (Pet. Writ of Habeas Corpus (Pet.) at 9); *see also Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system). Respondent thereafter filed an answer and provided the state-court records. (Resp.'s Answer [hereinafter Answer].)

---

[2] "S.H. Tr." denotes the state habeas records attached to *Ex parte Allen*, No. 58,875-01 (Tex. Crim. App. July 21, 2004).

C. <u>**Substantive Issues**</u>

In seven grounds for relief, petitioner asserts five claims: (1) he was illegally arrested without a warrant or probable cause; (2) he was convicted by use of an in-court identification that was tainted by illegal pre-trial identification procedures; (3) the State suppressed out-of-court identification procedures; (4) the trial court erred in (a) preventing counsel from cross-examining a State witness and (b) admitting a fabricated confession into evidence; and (5) he received ineffective assistance of trial counsel. (Pet. at 7-8.)

Respondent concedes that petitioner has sufficiently exhausted his state remedies because he raised them in his state application for writ of habeas corpus. (Answer at 3.)

## II. APPLICABLE LAW

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because petitioner filed the instant petition after its effective date, the Act applies to his petition.

Title I of AEDPA substantially changed the way federal courts handle habeas corpus actions. Under 28 U.S.C. § 2254(d), as amended by AEDPA, a state prisoner may not obtain relief

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

3

"In the context of federal habeas proceedings, a resolution (or adjudication) on the merits is a term of art that refers to whether a court's disposition of the case was substantive, as opposed to procedural." *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000).

In this case, the denial of petitioner's state writ constitutes an adjudication on the merits of the claims fairly presented to the Texas Court of Criminal Appeals in such writ. The AEDPA standards enumerated in 28 U.S.C. § 2254(d) thus apply to the claims raised in this action.

Section 2254(d)(1) concerns pure questions of law and mixed questions of law and fact. *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001). A decision is contrary to clearly established federal law, within the meaning of § 2254(d)(1), "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).

With respect to the "unreasonable application" standard, *Williams* instructs that a writ must issue "if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413; *accord Penry v. Johnson*, 532 U.S. 782, 792 (2001). Likewise under *Williams*, a state court unreasonably applies Supreme Court precedent if it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." 529 U.S. at 407. "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409; *accord Penry*, 532 U.S. at 793.

Section 2254(d)(2) concerns questions of fact. *Moore v. Johnson*, 225 F.3d 495, 501 (5th Cir. 2000). Under § 2254(d)(2), federal courts "give deference to the state court's findings unless they were 'based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'" *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the state prisoner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### III. ILLEGAL ARREST

In his first claim, petitioner alleges that he was illegally arrested without a warrant or probable cause. Such claim arises under the Fourth Amendment to the United States Constitution. *See Avery v. Procunier*, 750 F.2d 444, 448 (5th Cir. 1985). This Court, however, cannot grant federal habeas relief on such Fourth Amendment claims when "the State has provided an opportunity for full and fair litigation" of such claims. *See Stone v. Powell*, 428 U.S. 465, 494 (1976).

At trial in this case, petitioner moved to suppress the evidence obtained from the alleged illegal arrest, and the trial court denied the motion. *See* RR-III at 4-49. On appeal, petitioner challenged the voluntariness of the confession that he made to officers after his arrest rather than challenging any lack of probable cause. *See Allen v. State*, Nos. 05-01-00812-CR, 05-01-00813-CR, 2002 WL 1286508, at *1 (Tex. App. – Dallas June 12, 2002, pet. dismissed as untimely). The appellate court found that the trial court properly admitted the confession at trial. *Id.* at *1-2. Because petitioner has had an opportunity to fully and fairly litigate his Fourth Amendment claim at the state level, and in fact did litigate such claim at the state level to some extent, *Stone* bars this Court's consideration of the claim on habeas review. Claim 1 entitles petitioner to no federal habeas relief.

5

## IV. SUPPRESSION

In his third claim, petitioner alleges that the State suppressed out-of-court identification procedures.

In *Brady v. Maryland*, 373 U.S. 83 (1963), the Supreme Court held that a prosecutor must disclose evidence to a criminal defendant if that evidence is favorable to the defendant and material to his guilt or punishment. 373 U.S. at 87. "There are three components of a true *Brady* violation: The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999). "[E]vidence is 'material' under *Brady*, and the failure to disclose it justifies setting aside a conviction, only where there exists a 'reasonable probability' that had the evidence been disclosed the result at trial would have been different." *Wood v. Bartholomew*, 516 U.S. 1, 5 (1995). As stated in *Kyles v. Whitley*, 514 U.S. 419, 434 (1995) (quoting *United States v. Bagley*, 473 U.S. 667, 678 (1985)),

> The question is not whether the defendant would more likely than not have received a different verdict with the evidence, but whether in its absence he received a fair trial, understood as a trial resulting in a verdict of confidence. A "reasonable probability" of a different result is accordingly shown when the government's evidentiary suppression "undermines confidence in the outcome of the trial."

In other words, there must be "a 'significant possibility' of a different result to characterize the *Brady* materiality standard." *Strickler*, 527 U.S. at 300 (Souter, J., concurring). In any event, the touchstone inquiry remains "whether the evidentiary suppression 'undermines our confidence' that the factfinder would have reached the same result." *Id.* at 300-01.

In this instance, petitioner alleges that the State withheld out-of-court identification procedures. The only pretrial identification procedures used in this case did not involve petitioner. *See* RR-

6

II at 4, 6; RR-IV at 49-50. Although the complainant in this action was shown a photo lineup, he was not shown a photograph of petitioner. RR-IV at 49. Because the out-of-court identification procedures did not involve petitioner, the Court finds such procedures immaterial to petitioner's case. There is no reasonable probability that had such procedures been disclosed earlier the result at trial would have been different. The alleged evidentiary suppression does not undermine confidence in the verdict. The claim entitles petitioner to no habeas relief.

## V. IDENTIFICATION

In his second claim, petitioner alleges that he was convicted by use of an in-court identification that was tainted by illegal pre-trial identification procedures. As discussed above, the record reveals that no pretrial out-of-court identification occurred that involved petitioner. *See* RR-II at 4, 6; RR-IV at 49-50. Consequently, the in-court identification was not tainted by any out-of-court identification. This claim entitles petitioner to no habeas relief.

## VI. TRIAL COURT ERROR

In his fourth claim, petitioner alleges that the trial court erred in two respects: (A) prohibiting cross-examination of a State witness and (B) allowing the State to admit a fabricated confession into evidence.

The trial court's evidentiary rulings are matters of state law which are not subject to re-examination by the federal courts. It is not "the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). "[A] federal court may grant habeas relief based on an erroneous state court evidentiary ruling only if the ruling also violates a specific federal constitu-

tional right or renders the petitioner's trial fundamentally unfair." *Gochicoa v. Johnson*, 118 F.3d 440, 446 (5th Cir. 1997).

**A. Prohibiting Cross-examination**

Petitioner claims that the trial court violated his right to cross-examine and confront a witness presented against him.

"The Confrontation Clause of the Sixth Amendment, made applicable to the States through the Fourteenth Amendment, provides: 'In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him.'" *Idaho v. Wright*, 497 U.S. 805, 813 (1990). Criminal defendants receive two valuable protections from the Confrontation Clause – the right to physically face those who testify against them and the right to cross-examine those witnesses. *Coy v. Iowa*, 487 U.S. 1012, 1016-17 (1988). "[T]he right of confrontation and cross-examination is an essential and fundamental requirement for the kind of fair trial which is this country's constitutional goal." *Pointer v. Texas*, 380 U.S. 400, 405 (1965). "It is axiomatic that defense counsel should be permitted to expose to the jury facts relative to a witness' possible motivation to testify favorably for the prosecution or his potential bias for or against any party to the criminal proceeding." *Wilkerson v. Cain*, 233 F.3d 886, 890 (5th Cir. 2000).

The Confrontation Clause does not, however, grant defense attorneys unbridled authority to cross-examine witnesses on whatever topic they or their clients deem suitable. Trial judges retain the discretion to impose reasonable limits on cross-examination consistent with the applicable rules of evidence.

> [T]rial judges retain wide latitude insofar as the Confrontation Clause is concerned
> to impose reasonable limits on such cross-examination based on concerns about,
> among other things, harassment, prejudice, confusion of the issues, the witness'

safety, or interrogation that is repetitive or only marginally relevant. . . . "[T]he Confrontation Clause guarantees an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish."

*Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986) (quoting *Delaware v. Fensterer*, 474 U.S. 15, 20 (1985)) (emphasis in original).

As shown by the claim raised on appeal, petitioner's claim in this case relates to limitations and restrictions on cross-examination of the complainant rather than physically facing the witness who testified against him. *See Allen v. State*, Nos. 05-01-00812-CR, 05-01-00813-CR, 2002 WL 1286508, at *2-3 (Tex. App. – Dallas June 12, 2002, pet. dismissed as untimely). "A complaint that the trial court unduly restricted cross-examination of a state's witness is a mixed question of fact and law, and on federal habeas review is subject to harmless error analysis under *Brecht v. Abrahamson*[, 507 U.S. 619 (1993)]." *Rosales v. Cockrell*, 220 F. Supp. 2d 593, 625 (N.D. Tex. 2001), *aff'd* No. 01-11388, 2002 WL 31016510 (5th Cir. Aug. 16, 2002). Consequently, petitioner is entitled to relief on this claim only if he shows that the trial court in fact violated his right to confrontation and that "there is more than a mere reasonable possibility that the [error] contributed to the verdict." *Id.* (citations and internal quotation marks omitted).

The court of appeals considered a claim by petitioner that the trial court erred in restricting the cross-examination of the complainant. *See Allen*, 2002 WL 1286508, at *2-3. The appellate court found no violation of the Confrontation Clause, and further found that even assuming an error by the trial court, such error was harmless. *Id.* at *3. Assuming arguendo that the trial court erred, this Court likewise finds no reasonable possibility that the alleged error of the trial court contributed to the verdict. This claim entitles petitioner to no federal habeas relief.

9

### B. Admission of Confession

Petitioner also claims that the trial court erred in admitting an alleged fabricated confession. Petitioner raised this claim on appeal, and the court of appeals found the confession properly admitted. *See Allen*, 2002 WL 1286508, at *1-2.

Although petitioner alleges that he was arrested without a warrant or probable cause, he ignores the fact that he was arrested while driving a vehicle that had been reported stolen. Police officers arrested petitioner after checking the license plate of the vehicle he was driving against a "hot sheet" of listed stolen vehicles maintained by the police department. RR-IV at 68-69. At that point, the officers had probable cause to arrest petitioner. *See Brown v. State*, 986 S.W.2d 50, 52 (Tex. App. – Dallas 1999). Petitioner has shown no illegal search or seizure that resulted in the statement he made to police officers following his arrest. In addition, the record shows that petitioner was read his rights consistent with *Miranda v. Arizona*, 384 U.S. 436 (1966). RR-III 4-38 (testimony at sub rosa hearing); RR-IV 84-89 (trial testimony). The Court finds no error in the admission of the voluntary statement petitioner made to police officers following his arrest. This claim entitles petitioner to no habeas relief.

### VII. INEFFECTIVE ASSISTANCE OF COUNSEL

In his fifth claim, petitioner asserts that he received ineffective assistance of trial counsel. To successfully state a claim of ineffective assistance of counsel under Supreme Court precedent, petitioner must demonstrate (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). A failure to establish either prong of this test requires a finding that counsel's performance was const-

10

itutionally effective. *Id.* at 696. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

To determine whether counsel's performance is constitutionally deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689. Further, "[t]he reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691.

To establish prejudice, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. In the context of ineffective assistance of trial counsel, the prejudice component of the *Strickland* test "focuses on the question whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (citations and internal quotation marks omitted). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent the alleged errors of counsel. *Strickland*, 466 U.S. at 695-96.

Petitioners must "affirmatively prove prejudice." *Id.* at 693. They cannot satisfy the second prong of *Strickland* with mere speculation and conjecture. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992). Conclusory allegations, furthermore, are insufficient to obtain habeas relief. *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990).

Petitioner alleges ineffective assistance of counsel in that his attorney (A) failed to investigate and develop facts regarding his alleged illegal arrest, the tainted in-court identification, and the out-of-court identification procedures; (B) failed to bring the illegal arrest to the attention of the trial

11

court and failed to keep his confession from being admitted; (C) failed to investigate and discover an alibi witness; and (D) failed to request a jury charge regarding mistake of fact. Each of these claims fail for lack of deficiency of counsel, lack of prejudice to petitioner, or both.

The first alleged deficiency of counsel provides no basis for habeas relief because, as already discussed, petitioner's arrest was clearly legal and no out-of-court identification tainted his in-court identification. Petitioner, furthermore, has not shown a reasonable probability that further investigation or development of the facts would alter the outcome at trial.

As for the second alleged deficiency of counsel, counsel unsuccessfully challenged the admissibility of the confession as involuntary. *See* RR-III at 4-49 (transcript of hearing on motion to suppress). As previously mentioned, petitioner was legally arrested while driving a stolen vehicle. He was properly read his *Miranda* rights. There was no basis to argue that the arrest was illegal or the confession improperly obtained. Petitioner has shown nothing more that counsel could have done to keep his confession from being admitted into evidence. He has shown neither deficiency of counsel nor prejudice.

The claim regarding an alibi witness is entirely conclusory. Petitioner identifies no alibi witness. Although he testified at punishment and at a sub rosa hearing regarding his motion to suppress, he mentioned no alibi witness. *See* RR-III at 39-46; RR-V at 42-66. Although he contends that the failure to investigate undermined confidence in the outcome of the proceedings because the investigation would have corroborated his testimony, he presented no testimony regarding an alibi witness. *See* RR-IV at 111-15 (showing that the defense presented no witnesses at trial); RR-V at 42-66 (showing no testimony at punishment regarding an alibi witness). Because petitioner does not identify any alibi witness or show that he alerted his attorney to any such witness, counsel was not

12

deficient in failing to investigate an alibi defense. Petitioner, furthermore, has not shown the existence of a viable alibi witness or what such witness would have testified to at trial. He has thus shown no prejudice from the failure to investigate an alibi defense.

With respect to the alleged failure to request a jury charge regarding mistake in fact, petitioner has not shown facts to support such a charge. Section 8.02(a) of the Texas Penal Code provides that "[i]t is a defense to prosecution that the actor through mistake formed a reasonable belief about a matter of fact if his mistaken belief negated the kind of culpability required for commission of the offense." In this case, there was no evidence presented to the jury that supports a jury instruction for mistake in fact. Although it is well-established that "if evidence admitted before the jury at a trial raises a defensive issue the defendant is entitled to have a requested instruction concerning this defense submitted to the jury in the court's charge", *Willis v. State*, 790 S.W.2d 307, 315 (Tex. Cr. App. 1990), if the evidence does not raise a defensive issue defense counsel has no basis to request an instruction. Counsel was not deficient in failing to request an instruction regarding mistake in fact.

For all of these reasons, petitioner has asserted no claim of ineffective assistance of counsel that entitles him to federal habeas relief.

## VIII.  EVIDENTIARY HEARING

Upon review of the pleadings filed herein and the proceedings held in state court as reflected in the state-court records, an evidentiary hearing appears unnecessary.

## IX. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DENY** with prejudice the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254.

**SIGNED this 22nd day of June, 2007.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE